117 So.2d 524 (1960)
Lee R. HALE, Appellant,
v.
Olvalene H. ADAMS, Appellee.
No. B-218.
District Court of Appeal of Florida. First District.
January 26, 1960.
Rehearing Denied February 8, 1960.
*525 C.A. Avriett, Jasper, and J.B. Hodges, Lake City, for appellant.
Brannon, Brown, Smith & Norris, Lake City, for appellee.
STURGIS, Acting Chief Judge.
Lee R. Hale, plaintiff below, appeals from an order dismissing with prejudice for failure to state a cause of action the second count of a complaint in a negligence action wherein he seeks to recover from Olvalene H. Adams, the defendant operator of an automobile owned by plaintiff, a money judgment for personal injuries and other damages alleged to have been sustained in an accident involving that automobile. The order appealed does not state the theory upon which such dismissal was based.
Before discussing the issues, we take note that appellant's brief fails to provide a statement of the point involved on appeal as required by Florida Appellate Rule 3.7, subd. f (3), 31 F.S.A., and that its "Statement of the Case" recites as facts certain matters which it is assumed the plaintiff would undertake to develop upon a trial of the cause but which, in violation of elemental rules of appellate practice, do not find support in the record on appeal. In appellant's reply brief the pleader aptly states that there rests upon the lawyer "a duty to maintain precision and accuracy in the formulation of the papers and instruments that are the products of his profession," which leads us to observe that he thereby exhibited a degree of perspicacity which he might well have employed in the mentioned areas of appellant's briefs.
We also note that appellant's reply brief contains unseemly references to the appellee, which are readily recognized as thinly-veiled and unprovoked affronts to counsel for appellee. Such practice cannot be tolerated. The zeal of the advocate must always be tempered with courtesy to his adversary if the legal profession is to deserve the public respect it ardently solicits.
As we view the issue on this appeal, the sole point for determination is whether the owner of a motor vehicle driven by another with his consent, express or implied, is entitled to recover damages against the driver for negligence in the operation thereof. The count in question reads:
"On March 5, 1957, in Hamilton County, Florida, the plaintiffs, Lee R. Hale and his wife, Daisy Hale, were passengers in the automobile of the plaintiff, Lee R. Hale, which was being operated upon State Road 100, by Olvalene H. Adams, in an easterly direction, at the intersection of State Road 100 with State Road 25.
"At said time and place, the defendant, Olvalene H. Adams, drove the said automobile onto State Road 25, a busy arterial highway, without stopping when commanded to do so by appropriate stop sign and failed to look for on-coming traffic along said State Road 25 and proceded (sic) to drive said automobile onto State Road 25 and thereby caused said automobile to collide with another motor vehicle, and thereby the plaintiffs who were then and there riding in said automobile as passengers were injured as hereinafter set forth. Said collision was thus *526 caused by the gross negligence of the defendant, which said gross negligence was the proximate cause of said injuries.
"As a direct result of the aforesaid gross negligence of the defendant, Olvalene H. Adams, in causing said collision, the plaintiff, Lee R. Hale, was thrown about in his motor vehicle, suffered multiple bruises and severe sprain, received a broken right femur, received a severe nervous and mental shock, suffered great mental and physical pain, and will continue to do so for a great length of time, and lost considerable time from his work.
"As a direct result of the aforesaid gross negligence of the defendant, Olvalene H. Adams, it has become necessary for the plaintiff, Lee R. Hale, to lay out large sums of money for hospitalization, medical attention and treatment for himself and his wife, Daisy Hale.
"The plaintiff, Lee R. Hale, has lost the companionship and services of his wife, Daisy Hale, in and about the household, and will continue to be deprived of the same for a great length of time; and claims special damages therefor.
"As a direct result of the aforesaid gross negligence of the defendant, Olvalene H. Adams, the automobile of the plaintiff, Lee R. Hale, was wrecked and damaged and said plaintiff was deprived of the use thereof."
It is seen that there is no allegation defining the relation of the defendant driver to the plaintiff owner of the automobile. Although the defendant is charged with "gross negligence" in the operation of plaintiff's automobile, the count in question fails to allege the existence of a situation where that degree of negligence, as distinguished from "simple" or "ordinary" negligence, is essential to recovery. It appears, however, that the complaint is framed on the theory that gross negligence must be shown in order to impose liability on the defendant driver. By the device of charging defendant with "gross negligence" plaintiff undertakes to escape what he conceives to be negligence of the defendant imputable to him as owner of the dangerous instrumentality. Appellee insists that the dangerous instrumentality doctrine does apply to the fact alleged and that her negligence is imputed to the appellant owner of the automobile, thus barring him from recovery. We do not think either premise is sound in the present state of the pleadings.
Since the only question before us is the propriety of the order granting the motion to dismiss the second count of the complaint for failure to state a cause of action, in our consideration of this appeal we are restricted exclusively to the allegations within the four corners of the quoted count. In that light, we have here a case in which the owner of an automobile sues the operator, driving with the owner's knowledge and consent, for negligence in the operation of that vehicle.
Ever since the Florida Supreme Court's decision in Southern Cotton Oil Co. v. Anderson, 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, our Supreme Court and the Florida courts generally have uniformly applied the doctrine that an automobile in its operation is a dangerous instrumentality. As a result of that doctrine, the Supreme Court and other Florida courts have likewise held an automobile owner and the driver of that vehicle operating with the owner's knowledge and consent bear the relation of principal and agent. A good statement of this holding may be found in the opinion in May v. Palm Beach Chemical Co., 1955, 77 So.2d 468, 472, in which the Florida Supreme Court said:
"* * * A study of the origin and application of the doctrine of vicarious liability on the part of an automobile owner shows clearly that whatever may be the limitations of its scope *527 of application, liability is bottomed squarely upon the doctrine of respondeat superior arising from a principal and agent relationship implied in law."
The rule is also established that the owner of an automobile is liable to a third party for damages resulting from the negligence of the automobile's driver, who is operating with the owner's knowledge and consent, for the reason that the driver's negligence is imputed to the owner. At first blush it might seem logical to conclude from this rule that the owner, as the principal, could not sue the driver, his agent, for negligence because, if the driver's negligence is imputed to the owner, any negligence proven against the driver would be immediately imputed against the owner who would thus be barred from recovery. Such a conclusion is not sound, however, for the simple reason that the doctrine of imputed negligence has no application in an action by a principal against his agent. Also, a defendant should not be permitted to defeat an action on the ground that he was guilty of wrongdoing.
Counsel on this appeal have cited to us no Florida case, and our independent research has revealed none, in which the question was discussed or determined whether the owner of an automobile can bring an action for negligence against the driver operating it with his knowledge and consent. We join with those jurisdictions which hold that imputation of the driver's negligence to the owner has no application in a suit by the owner against the driver, even though such imputation would be imposed on the owner in a suit brought against him by a third party. See: Urquhart v. McEvoy, 1953, 204 Misc. 426, 126 N.Y.S.2d 539; Smalt v. Rider, Sup. 1950, 126 N.Y.S.2d 868; Dosher v. Hunt, 1955, 243 N.C. 247, 90 S.E.2d 374; Darman v. Zilch, 1936, 56 R.I. 413, 186 A. 21, 110 A.L.R. 826; Rodriguez v. State Farm Mutual Insurance Co., La. App. 1955, 88 So.2d 432; Sackett v. Haeckel, 1957, 249 Minn. 290, 81 N.W.2d 833; Morris v. Cochran, 1958, 98 Ga. App. 786, 106 S.E.2d 836. See also annotation in 50 A.L.R.2d at page 1301. The rule announced is in line with the established law of Florida, in which suits by principals against their agents for negligence are generally allowable. See Jarrett Lumber Co. v. Reese, 1913, 66 Fla. 317, 63 So. 581, and 1 Fla.Jur., Agency, par. 57 and 58.
The trial court was in error in granting the motion to dismiss the second count of the complaint and in finally dismissing the appellant from the cause. Accordingly, that phase of the order appealed is held for naught and this cause is remanded for further proceedings in accordance herewith.
Reversed and remanded.
CARROLL, DONALD K., J., and FITZPATRICK, W.L., Associate Judge, concur.