CARROLL, DONALD K., Chief Judge
(specially concurring).
I concur in the judgment of reversal, but cannot do so upon the reasoning set forth in the majority opinion. That opinion seems to be founded upon the assumption that in the previous appeal of this cause this court held, in our opinion reported in 117 So.2d 524, that the plaintiff, the owner of the car, can recover against his daughter, the driver, upon a showing of simple negligence in its operation. I cannot read the just-mentioned opinion as so holding, and I am not prepared to say that we should now so hold.
The rule recognized in our opinion on the previous appeal is no doubt sound — that the owner of a motor vehicle may have a cause of action in negligence against his driver for personal injuries; but the further question as to whether in such an action the owner may recover upon proof of simple negli *764 gence or only upon proof of gross negligence or willful and wanton misconduct under the Florida Guest Statute, has apparently never hitherto been passed upon by an appellate court of this state. The decisions of courts in other states arc not persuasive, for I have found no guest statute in another state that is made expressly applicable to suits by both guests and passengers, as is the Florida Guest Statute.
The problem of determining whether an owner is a guest or passenger in his automobile driven by a relative or friend is an extremely complex one. Much depends upon the degree of control exercised by the owner over the car’s operation and upon which person derives benefits from the transportation. This is usually a question of fact, and I think it should have been submitted to the jury under appropriate instructions from the court. Of course, if the jury found that the owner had control of the car’s operation at the time of the collision, a further complication in the law would arise: for then the law would impute his driver’s negligence to him, and he could not recover damages against his driver under any theory, because the driver’s negligence would be regarded as his own.
The Florida Guest Statute (Section 320.-59, Florida Statutes, F.S.A.) provides in essence that no person transported by the owner or operator of a motor vehicle as his “guest or passenger,” without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident was caused by the gross negligence or willful and wanton misconduct of such owner or operator, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death, or loss upon which the action is brought.
I cannot believe that the State Legislature in enacting this law intended that a passenger who also happens to be the owner of the automobile can recover against the driver (whether his daugther, as here, or otherwise) upon a showing of mere simple negligence, while other non-paying passengers can recover against the driver only upon proving gross negligence or willful and wanton misconduct under the Guest Statute. Such an intention certainly is not expressed in the statute and would in fact be incompatible with the statute’s obvious objective (to discourage collusive suits, etc.).
In my opinion, therefore, the trial court was in error in granting the defendant’s motion for a directed verdict, for the question of whether the defendant’s conduct amounted to gross negligence should have been submitted to the jury for its determination, in accordance with the holding of the Supreme Court of Florida in Carraway v. Revell, Fla., 116 So.2d 16 (1959), after the giving of appropriate instructions by the trial court concerning the meaning of gross negligence, in keeping with the definition in the Carraway case, along with instructions concerning the question of the status of the owner as a guest or passenger under the Guest Statute.
I, therefore, concur with the majority of the court in reversing the judgment appealed from, but for the reasons set forth herein.