178 So.2d 569 (1965)
RAYDEL, LTD., a corporation, and alice Ross Soper, Petitioners,
v.
Rachel MEDCALFE, Respondent.
No. 33496.
Supreme Court of Florida.
July 7, 1965.
Rehearing Denied October 18, 1965.
Blackwell, Walker & Gray and James E. Tribble, Miami, for petitioners.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for respondent.
*570 ERVIN, Justice.
Petitioners, Raydel, Ltd., a corporation, and Alice Ross Soper, seek certiorari review by us of a decision of the District Court of Appeal, 3rd District, in the case of Raydel, Ltd., v. Medcalfe, 162 So.2d 910 (Fla.App. 3rd 1964). The salient facts of the case appear in the opinion in the decision below as follows:
"The appellants were defendants in the trial court where the plaintiff-appellee Rachel Medcalfe received a verdict and judgment. The action arose out of an automobile accident in which Mrs. Medcalfe was injured. She alleged liability in the defendants because of their ownership of the car in which she was riding. The negligence alleged was that of Henry Medcalfe, the plaintiff's husband.
"Mr. and Mrs. Medcalfe were hired by Mr. and Mrs. Soper as domestic servants. Mrs. Medcalfe was a cook and Mr. Medcalfe was a chauffeur and handy man. Both the couples lived in Montreal, Canada but the Sopers maintained a winter home in Delray Beach, Florida. In 1957, although the Medcalfes owned an automobile, they stored it in Montreal and by arrangement with their employers drove their employers' car to Florida. An understanding had been reached whereby the employees would have the right to use a second car owned by the Sopers for personal transportation during the stay in Florida.
"Mr. Soper died in February of 1958 but in December of that year the same arrangement as to the automobiles was made by Mrs. Soper with Mr. and Mrs. Medcalfe.
"On the day that the accident occurred, the Medcalfes were given a Sunday off and were using the second car with Mrs. Soper's consent. They were going fishing.
"Mrs. Medcalfe sued Mr. Soper and a corporation, Raydel, Ltd., for her injuries. The automobile was owned by the corporate defendant, which is a family corporation controlled by the individual defendant Alice Ross Soper. The alleged vicarious liability of the defendants is based upon the dangerous instrumentality doctrine and charges the defendants with the negligence of the husband in driving the automobile which the defendants owned and controlled. The trial judge granted a summary judgment for the plaintiff-appellee on the issue of liability. After a trial on the issue of damages alone the plaintiff received a verdict and a judgment for $90,000.00. This appeal followed. We affirm."
* * * * * *
"We have already determined that the record supports without issue the fact that Mrs. Medcalfe received the enjoyment of the transportation afforded by the car as a part of her compensation for her job * * *."
The automobile in question was entrusted to both Mr. and Mrs. Medcalfe jointly as husband and wife. From the quoted facts they were either co-bailees of the car or their personal use of it at the time of the accident was in furtherance of a common purpose; viz., a fishing trip. Under either relationship they had jointly been entrusted and had control and dominion of the car for their personal purposes at the time of the accident. The facts negative the idea the car was entrusted only to Mr. Medcalfe and that he negligently operated it while his wife was merely his guest passenger in the car, injuring her.
Under the circumstances of this case, the decision of the District Court of Appeal conflicts with Frankel v. Fleming, 69 So.2d 887 (Fla. 1954). In that case Frankel rented a car from a rental car agency. He was the bailee of the car. While it was being negligently operated by one Wellener to whom Frankel had in turn entrusted the *571 rental car, Fleming was injured. Fleming sued Frankel and recovered in the trial court. On appeal Frankel contended that as the bailee of the car he was not liable to Fleming but instead only the owner, the rental car agency, was liable to Fleming under the dangerous instrumentality doctrine. In rejecting this contention this Court said:
"* * * we find no difficulty in now holding the appellant, a bailee, responsible in the instant case for injury caused by the one to whom he entrusted the car, especially where, to all intents and purposes, as will be seen by referring to the opinion in Fleming v. Alter [Fla., 69 So.2d 185], supra, that person was the bailee's spouse." (Emphasis supplied.)
The decision below also appears to conflict with Martin v. Lloyd Motor Co., 119 So.2d 413 (Fla.App. 1st 1960). In that case a car owned by one Jones was delivered to Lloyd Motor Co. to sell for the account of Jones; Lloyd Motor Co. entrusted it to one Coker to drive in order for him to determine if he wanted to purchase it. Coker drove it negligently, causing the death of another. Decedent's heirs sued Lloyd Motor Co., but their complaint was dismissed by the trial court for failing to state a cause of action. On appeal of the case, the District Court of Appeal stated the question of law to be decided was:
"The question of law with which this court is confronted is whether a bailee having possession of and dominion and control over a motor vehicle may be liable in damages for the negligent operation of such vehicle by one to whom the bailee gives permission to operate it on the public roads and highways of this state."
In answering this question the District Court of Appeal said:
"As is readily apparent from a careful analysis of the foregoing decisions, the question of liability of a bailee for the negligent operation of a motor vehicle in its possession and under its domination and control, even though by a person to whom possession had been entrusted by the bailee, is not dependent upon ownership nor the particular legal relationship which exists between the possessor and the owner. The rationale of each of the foregoing decisions adopts as a criteria for determining liability whether or not the person charged had possession of and dominion and control over the vehicle at the time negligent operation caused the damages forming the subject matter of the suit. If so, liability is imposed even though the negligent operation of the vehicle was by some third person to whom it was temporarily entrusted."
See, also, the cases cited in accord in 62 A.L.R. 442, and 85 A.L.R. 631.
In Hale v. Adams, 117 So.2d 524 (Fla.App. 1st 1960), an owner sued the driver of owner's automobile to recover for injuries suffered by the owner, a passenger in the car, resulting from the driver's negligent operation of the automobile. The driver sought to escape liability by imputing his negligent operation of the car to the owner because the latter had entrusted the car to him to drive. In disallowing this contention the District Court of Appeal said "* * * the doctrine of imputed negligence has no application in an action by a principal against an agent." Similarly, the Medcalfes, as co-bailees, cannot impute their negligent operation of the automobile to Petitioners, who entrusted them the car and thus render Petitioners liable for injuries suffered by the Medcalfes or by one of them. Mrs. Medcalfe cannot impute to Petitioners, the owners of the car, the negligent operation of it by her husband, since with her husband she had been jointly entrusted with the car. Unless the negligent driving can be imputed in law to an owner there can be no recovery from the owner. Not only was Mrs. Medcalfe jointly entrusted with the car by the *572 owners, but at the time of the accident it is quite apparent that as one so entrusted with the possession of the car she in turn was consenting to its being driven for her personal benefit by her husband. Compare Weber v. Porco, 100 So.2d 146, 5th headnote (Fla.).
It is well recognized that an owner of an automobile is not liable under the dangerous instrumentality doctrine for injuries sustained by the driver of the automobile to whom he entrusted it because of the driver's negligent operation of it. This principle was repeated in the recent case of Florida Power and Light Co. v. Price, 170 So.2d 293, 298 (Fla.), as follows:
"[6] For example, this exception would appear to be supported by the principle of law that the driver of an automobile which was entrusted to him by its owner cannot hold the owner liable for injuries sustained by the driver arising from his own negligent operation of the automobile. * * *"
The same rule applies where a bailee instead of driving the automobile himself permits a third party to drive it for him and is injured by the driver's negligence while a passenger in the car. Mrs. Medcalfe was in this category.
Clearly indicated in the above cases (although they are not factually paralleled with the instant case) cited for conflict is the legal principle that an owner, master, employer, principal or bailor who entrusts his automobile to an agent, servant, employee, bailee or other person is not civilly liable under the dangerous instrumentality doctrine to the person entrusted therewith for injuries sustained personally by that person solely because of the latter's negligent operation of the automobile, or solely because of the negligent operation thereof by a third person who in turn was entrusted with the automobile by the one initially entrusted with it.
This case is unlike the case of May v. Palm Beach Chemical Co., Fla., 77 So.2d 468, 472 (1955), where an automobile was entrusted only to a husband and was negligently operated by him resulting in injuries to his wife, a passenger in the car. There was no joint bailment in that case.
The dangerous instrumentality doctrine which is predicated upon the doctrine of respondeat superior ordinarily renders an owner of an automobile or other dangerous instrumentality liable for injuries sustained by third parties resulting from the negligent operation or use of the automobile or other dangerous instrumentality by one to whom it has been entrusted by the owner. Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947). However, there are exceptions to the application of these doctrines. Some cases illustrating these exceptions are Florida Power and Light Co. v. Price, supra; Fry v. Robinson Printers, Inc., 155 So.2d 645 (Fla.App.2d 1963), and Petite v. Welch, 167 So.2d 20 (Fla.App.3d 1964). These cases analogously indicate the owners in the instant case are not liable to the Respondent. Respondent was not a "third party" in the sense ordinarily contemplated in the application of the dangerous instrumentality doctrine. She and her husband were co-bailees or joint adventurers, having been entrusted jointly with the possession of the automobile for their personal use. In such status they cannot impute the negligent operation of the automobile by either of them to the Petitioners and recover damages for injuries to either of them arising therefrom.
On the merits, we do not believe the dangerous instrumentality doctrine applies where an automobile is entrusted to a husband and wife jointly and while it is in their personal use and under their dominion and control it is negligently operated by one of them, injuring one or both of them. Under such circumstances recovery for such injuries can not be had by either or both of them from the owner of the automobile.
*573 The petition for certiorari is granted and the decision of the District Court of Appeal is quashed with directions that the cause be remanded for further proceedings not inconsistent herewith.
THORNAL, C.J., and THOMAS, ROBERTS, DREW, O'CONNELL and CALDWELL, JJ., concur.