SWANN, Judge.
The defendant, Gary C. Hodges, appeals-from a final judgment entered for the-plaintiff, Mary Nofsinger, after a jury trial,, in the sum of $7,500.00. The sole question on appeal is whether the plaintiff was guilty of contributory negligence, as a matter of law, thereby precluding her from any recovery from the defendant in this cause..
The parties have referred to this as the “kissing case.” The defendant’s version of the facts on appeal are as follows. The parties had seen each other many times, prior to the accident. The plaintiff was a single woman, about twenty-five years of age, and the defendant was a member of the United States Air Force, stationed at Homestead, Florida at the time the accident occurred. On that day, the defendant and a friend went to the plaintiff’s house. The *15 friend had to return to the base early, but the defendant wanted to stay and the plaintiff agreed to take him back to the base in her automobile later in the evening.
At about 8:00 P.M. they departed for Homestead with the defendant driving the plaintiff’s car and the plaintiff sitting close to him on the front seat, “about the middle •of the car.” She testified that the defendant drove normally, and made the following answers to questions propounded at trial:
* * * ifc * * '
“Q From the time you got onto Allapattah Drive up to the time of the accident, describe what happened.
“A Well, we were just driving along Allapattah, and Gary kissed me, and we went off the road into the ■canal.”
* * 5fc * 5fc * •
“Q You didn’t protest or object, or push Gary away at all during the kissing, did you?
“A No, I didn’t.”
* * * * * ■ *
“ ‘A The kissing occurred for a number of seconds, and we hit right then. I mean there was no pause in between.’ ”
******
“Q [By Counsel] Would you please tell me, please, isn’t it a fact that you •did kiss fully on the mouth?
“A The kiss was fully on the mouth.”
* * * * * *
“Q And the kiss continued for a number of seconds, didn’t it?
“A I felt at the time that it did.
“Q And it endured up to the time of the accident?
“A Yes.”
******
“Q This wasn’t the first time you kissed, was it?
“A No.”
* 5k * 5k * *
The defendant contends that on these facts and circumstances the plaintiff cooperated in the kissing, with a reckless disregard for her safety, and was therefore guilty of contributory negligence as a matter of law.
The plaintiff sets forth the facts in a different light than those of the defendant. The plaintiff contends, and submitted to the jury, the same preliminary factual situation as the defendant. The essential difference in the evidence of the parties is summarized as follows. The defendant was driving in a normal manner, looking straight ahead, and suddenly, without any prior conversation or warning, the defendant kissed the plaintiff. This surprised her and she did not react or cooperate. She did not have an opportunity to protest or object to the defendant’s kissing her before the car veered across the road through a guard rail and into a canal, which resulted in her injuries.
It is apparent from the testimony that there are conflicts in the evidence as to the issue of contributory negligence; that is, whether the plaintiff cooperated in the kiss, or whether she was so surprised that she did not have time in which to protest or object to the actions of the defendant. The conflicting evidence on this issue was properly submitted to the jury to be resolved by it. Deane v. Johnston, Fla.1958, 104 So.2d 3; Reiss v. 1550 Collins Corp., Fla.App.1964, 161 So.2d 572; Goldstein v. Great Atlantic & Pacific Tea Company, Fla.App.1962, 142 So.2d 115.
 On appeal by the defendant from a final judgment based on a jury verdict, all testimony and proper inferences therefrom are required to be construed most favorably to the plaintiff. F. W. Woolworth Company v. Stevens, Fla.App.1963, *16 154 So.2d 201. Inasmuch as we are required to construe the testimony and proper inferences therefrom most favorably to the plaintiff, we cannot say on appeal that the plaintiff was guilty of contributory negligence, as a matter of law.
We note that the question of the application of the Guest Statute is not involved in this case, or opinion, inasmuch as counsel for both parties agreed that the matter was controlled, in their opinion, by Hale v. Adams, Fla.App.1960, 117 So.2d 524, rehearing denied 138 So.2d 761. We therefore expressly refrain from expressing any view or comment on the applicability of the Guest Statute or of Hale v. Adams, supra.
For the reasons stated, the judgment appealed from is therefore
Affirmed.