RAWLS, Judge.
Plaintiff Toner appeals a directed verdict for defendant, G & C Ford Company, and its insured. This automobile accident case presents the question of Toner’s status (a passenger) with respect to the vicarious liability of defendant automobile owner.
Salient allegations of the instant complaint are that on a day certain G & C Ford Company owned a motor vehicle which was being operated with its consent by defendant McGowan; that an accident occurred resulting in injuries to plaintiff Toner who was a passenger; and said injuries were proximately caused by the gross negligence of McGowan. The accident involved three vehicles and a number of defendants. In this appeal we are only concerned with plaintiff Toner and defendant G & C Ford Company.
Around March 18, 1967, Senator Verle Pope, who was engaged in a campaign for re-election, arranged the loan of an automobile from defendant G & C Ford Company for his unrestricted use.[1] The subject automobile was used by volunteer workers in the Pope campaign. The owner of G & C Ford Company testified that the arrangement on a “whoever needs it” basis was to the advantage of Senator Pope for his campaign and to the advantage of the company in order to get people to drive Fords. On the night of March 25, 1967, *704 Toner was driving the automobile on a combination mission of advancing Senator Pope’s campaign and for personal pleasure. Around 12:30 p. m., Toner met his longtime friend, defendant McGowan, in a St. Augustine bar. They engaged in a conversation about the Pope campaign, and McGowan offered to assist in the campaign in his spare time so long as it would not interfere with his part-time job and college studies. Shortly thereafter, Toner and McGowan “picked up” two young ladies who were visiting the bar and ultimately arranged to drive them to their home in Jacksonville. Prior to arriving at their destination, Toner advised his companion, McGowan, that he was tired and sleepy and asked him if he felt like driving. McGowan acceded to Toner’s request. After delivering the young ladies to their Jacksonville home, Toner returned to the rear seat of the automobile and McGowan proceeded to drive same in the direction of St. Augustine. The accident occurred around 4:00 a. m. while Toner was sleeping in the rear seat. As a result of the accident, one of Toner’s legs was amputated two weeks later.
It was upon the foregoing basic facts that the trial judge, at the conclusion of plaintiff’s case, directed a verdict in favor of defendant G & C Ford Company, and stated, “It’s my understanding of the law that a person in the position of Mr. Toner has no cause of action against the owner occupying that position based on the cases cited”.
The genesis of case law upon the subject is Southern Cotton Oil Co. v. Anderson.[2]
There, the Supreme Court stated:
“It is conceded by the plaintiff in error that the negligence of the driver of the automobile that caused the injury to the defendant is established, and the only issue is the responsibility of the Southern Cotton Oil Company for this negligence. This responsibility must be measured by the obligation resting on the master or owner of an instrumentality that is peculiarly dangerous in its operation, when he intrusts it to another to operate on the public highways.”
This principle of law has been continuously reiterated in innumerable decisions by the appellate courts of Florida. As stated in Hertz Corporation v. Hellens:[3] “The one who entrusts the operation of an automobile to another is vicariously liable to a person injured by the negligence of the party to whom the automobile was entrusted.”
Apparently the trial judge bottomed his directed verdict upon Raydel, Ltd. v. Medcalfe,[4] which, in my opinion, is not applicable to the instant factual situation. In Raydel, the Supreme Court apparently bottomed its opinion upon the following factual statement:
“The automobile in question was entrusted to both Mr. and Mrs. Medcalfe jointly as husband and wife. From the quoted facts they were either co-bailees of the car or their personal use of it at the time of the accident was in furtherance of a common purpose; viz., a fishing trip. Under either relationship they had jointly been entrusted and had control and dominion of the car for their personal purposes at the time of the accident. The facts negative the idea the car was entrusted only to Mr. Medcalfe and that he negligently operated it while his wife was merely his guest passenger in the car, injuring her.”
The Court further stated:
“ * * * Respondent was not a ‘third party’ in the sense ordinarily contemplated in the application of the dangerous instrumentality doctrine. She and her *705 husband were co-bailees or joint adventurers, having- been entrusted jointly with the possession of the automobile for their personal use. In such status they cannot impute the negligent operation of the automobile by either of them to the Petitioners and recover damages for injuries to either of them arising therefrom.”
We are not unmindful of the following statement in Raydel:
“It is well recognized that an owner of an automobile is not liable under the dangerous instrumentality doctrine for injuries sustained by the driver of the automobile to whom he entrusted it because of the driver’s negligent operation of it. This principle was repeated in the recent case of Florida Power and Light Co. v. Price, 170 So.2d 293, 298 (Fla.), as follows:
“‘[6] For Example, this exception would appear to be supported by the principle of law that the driver of an automobile which was entrusted to him by its owner cannot hold the owner liable for injuries sustained by the driver arising from his own negligent operation of the automobile. * * * ’
“The same rule applies where a bailee instead of driving the automobile himself permits a third party to drive it for him and is injured by the driver’s negligence while a passenger in the car. Mrs. Medcalfe was in this category.”
In the instant cause we are not confronted with co-bailees. Here, Senator Pope was the bailee. Toner was the implied bailee of Senator Pope so long as he operated the vehicle. Once McGowan assumed the operation of the vehicle, he became the implied bailee under the “open bailment” arrangement between Senator Pope and the owner, G & C Ford Company. Immediately prior to and at the time of the accident, Toner’s status was solely that of a passenger in defendant G & C Ford Company’s automobile. At the very least, Toner’s status was one that a jury should have had the opportunity to resolve. Nor, did the circumstances constitute such personal use of the automobile in furtherance of a common purpose as to preclude Toner’s recovering from McGowan and his superior, G & C Ford Company.
Heddendorf v. Joyce[5] is factually in point. There, an automobile owner and his friend ventured upon a business trip which evolved into an adventure of pleasure. After visiting a number of bars and imbibing the fruit of the grain, the friend proceeded to drive the automobile with the owner as a passenger. The Second District, primarily upon the authority of Hale v. Adams,[6] held that the owner-passenger possessed a cause of action founded on simple negligence for injuries incurred as a result of his friend’s negligent operation of the automobile. This Court held in the Hale case that an owner-passenger could sue a negligent driver of his automobile and recover for injuries sustained. In Susco Car Rental System of Florida v. Leonard,[7] the Supreme Court quoted with approval from the Third District’s opinion in Leonard v. Susco Car Rental System of Florida,[8] as follows:
“ * * * the provision in the contract between the owner and the bailee was not sufficient to bar all liability of the owner for the negligent operation of the auto by a person other than the bailee * * ”
Reversed with directions that the plaintiff Toner be permitted to proceed against defendant G & C Ford Company.
CARROLL, DONALD K., Acting C. J., and MELVIN, WOODROW M„ Associate Judge, concur.

. (Plaintiff’s counsel) Q. “You lent it for use in the campaign though, did you not?”
“(Mr. Comeaux, owner of G & C Ford Company) A. “As he sees fit. He could have used it to go fishing or he could have taken his wife to Pensacola — or just whatever he wanted to do with the car. It would be his.”

. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920).

. Hertz Corporation v. Hellens, 140 So.2d 73 (Fla.App.2d 1962). Also see Engle-man v. Traeger, 102 Fla. 756, 136 So. 527 (1931) ; and May v. Palm Beach Chemical Company, 77 So.2d 468 (Fla.1955).

.Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965).

. Heddendorf v. Joyce, 178 So.2d 126 (Fin. App.2d 1965).

. Hale v. Adams, 117 So.2d 524 (Fla.App. 1st 1960).

. Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959).

. Leonard v. Susco Car Rental System of Florida, 103 So.2d 243 (Fla.App.3d 1958).