ORFINGER, Judge.
Plaintiffs appeal from an adverse summary judgment in an action for personal injuries. Thé sole issue presented is whether, under Florida’s dangerous instrumentality doctrine, the owner of a motor vehicle is vicariously liable to a bailee passenger who is injured as a result of the negligence of the driver of the automobile to whom the bailee has entrusted its operation. The trial court held that as a matter of law the owner was not liable. We agree and affirm.
Plaintiff, James Devlin, rented an automobile from defendant Florida Rent-A-Car, Inc. While en route to Miami, Devlin allowed his passenger Thomas Palmer to drive the car, and because of Palmer’s alleged negligent operation, the automobile *788 left the road, struck a tree and Devlin was injured. He contends that under Florida’s dangerous instrumentality doctrine as pronounced in cases such as Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629 (1920) and Susco Car Rental Systems of Florida, Inc. v. Leonard, 112 So.2d 832 (Fla.1959), the owner of the vehicle is vicariously liable for the negligent operation of the vehicle no matter who is driving, so long as there has not been a breach of custody of the automobile amounting to a species of conversion or theft. Susco, 112 So.2d at 835, 836.
While that contention is generally correct, the dangerous instrumentality doctrine is not without its exceptions. For example, in Castillo v. Bickley, 363 So.2d 792 (Fla.1978) the supreme court held that the owner of a motor vehicle who delivers the vehicle to a garage or service station for repairs or service is not liable for injuries caused by negligence of the repairman or serviceman with whom the vehicle is left so long as the owner does not exercise control over the injury-causing operation of the vehicle and is not otherwise negligent. There was no conversion or theft in that case. The court specifically receded from the broad statement of an owner’s liability announced in Susco Car Rental Systems of Florida v. Leonard, 112 So.2d 832 (Fla. 1959), at least to the extent of the facts in Castillo.
The supreme court has also recognized an exception to the dangerous instrumentality doctrine in situations where, as here, the bailee is injured by the negligence of another to whom the bailee has entrusted the driving of the automobile. In Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965),[1] a case relied on by the trial court here, Mr. and Mrs. Medcalfe, as part of their employment agreement with Mrs. Soper, were permitted to use an automobile owned by Ray-del, Ltd., a corporation controlled by Mrs. Soper. Mrs. Medcalfe could not drive. On their Sunday off, the Medcalfes went fishing, taking the car which Mrs. Soper had permitted them to use, and while Mr. Med-calfe was driving, an accident occurred as a result of which Mrs. Medcalfe was injured. She sued Raydel, Ltd. as owner of the vehicle under the dangerous instrumentality doctrine. In reversing a judgment for plaintiff, the supreme court said:
The automobile in question was entrusted to both Mr. and Mrs. Medcalfe jointly as husband and wife. From the quoted facts they were either co-bailees of the car or their personal use of it at the accident was in furtherance of a common purpose; viz., a fishing trip. Under either relationship they had jointly been entrusted and had control and dominion of the car for their personal purposes at the time of the accident. The facts negative the idea the car was entrusted only to Mr. Medcalfe and that he negligently operated it while his wife was merely his guest passenger in the car, injuring her. * * * # * *
In Hale v. Adams, 117 So.2d 524 (Fla. App. 1st 1960), an owner sued the driver of owner’s automobile to recover for injuries suffered by the owner, a passenger in the car, resulting from the driver’s negligent operation of the automobile. The driver sought to escape liability by imputing his negligent operation of the car to the owner because the latter had entrusted the car to him to drive. In disallowing this contention the District Court of Appeal said “ * * * the doctrine of imputed negligence has no application in an action by a principal against an agent.” Similarly, the Medcalfes, as co-bailees, cannot impute their negligent operation of the automobile to Petitioners, who entrusted them the car and thus render Petitioners liable for injuries suffered by the Medcalfes or by one of them. Mrs. Medcalfe cannot impute to Petitioners, the owners of the car, the negligent operation of it by her husband, since with her husband she had been *789 jointly entrusted with the car. Unless the negligent driving can be imputed in law to an owner there can be no recovery from the owner. Not only was Mrs. Medcalfe jointly entrusted with the car by the owners, but at the time of the accident it is quite apparent that as one so entrusted with the possession of the car she in turn was consenting to its being driven for her personal benefit by her husband. Compare Weber v. Porco, 100 So.2d 146, 5th headnote (Fla.).
It is well recognized that an owner of an automobile is not liable under the dangerous instrumentality doctrine for injuries sustained by the driver of the automobile to whom he entrusted it because of the driver’s negligent operation of it. This principle was repeated in the recent case of Florida Power and Light Co. v. Price, 170 So.2d 293, 298 (Fla.), as follows:
For example, this exception would appear to be supported by the principle of law that the driver of an automobile which was entrusted to him by its owner cannot hold the owner liable for injuries sustained by the driver arising from his own negligent operation of the automobile. * * *
The same rule applies where a bailee instead of driving the automobile himself permits a third party to drive it for him and is injured by the driver’s negligence while a passenger in the car. Mrs. Medcalfe was in this category.
Clearly indicated in the above cases (although they are not factually paralleled with the instant ease) cited for conflict is the legal principle that an owner, master, employer, principal or bailor who entrusts his automobile to an agent, servant, employee, bailee or other person is not civilly liable under the dangerous instrumentality doctrine to the person entrusted therewith for injuries sustained personally by that person solely because of the latter’s negligent operation of the automobile, or solely because of the negligent operation thereof by a third person who in turn was entrusted with the automobile by the one initially entrusted with it.
Id. at 570-572. (Emphasis supplied).
The principle espoused in Raydel applies here. Appellant is the bailee. The automobile was entrusted to him by the owner under the rental agreement. The only injury claimed here is to the bailee himself. Thus cases such as Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla.1972), and Avis Rent-A-Car, Inc. v. Garmas, 440 So.2d 1311 (Fla. 3d DCA 1983) are inapposite because they involve circumstances where “third parties” not connected in any way to the relationship between the owner and the bailee have been injured through the negligence of the bailee’s per-mittee. Those facts do not obtain here. Appellant is not a “third person” as that term is used in Susco, Roth or Avis Rent-A-Car. At first blush the case of Toner v. G & C Ford Company, 249 So.2d 703 (Fla. 1st DCA 1971), cert. dismissed, 263 So.2d 214 (Fla.1972), a case cited by neither party, appears to conflict with Raydel and with our decision here, but a careful review of the decision shows it to be distinguishable. There, the owner, G & C Ford, loaned the automobile to Senator Pope, who in turn let Toner use it. Pope was not in the automobile when Toner allowed McGowan to drive the car, and when Toner was injured following McGowan’s alleged negligence in operating the vehicle. The court reversed the dismissal of Toner’s action against G & .C Ford, holding that at the time of the accident Toner was merely a third party passenger, or at least could be so found by the jury. What distinguishes Toner from this case is that in Toner, Pope was the bailee, not Toner, and when Toner turned over the operation of the vehicle to McGowan, the jury could find that Toner’s temporary relationship with the automobile ended, and McGowan became Pope’s implied permittee and thus an implied bailee of G & C Ford. If the jury so found, Toner could be a “third party” passenger, thus entitled to recover from the owner for the bailee’s (or permittee’s) negligent operation. No such situation exists here. Without dispute, appellant was the bailee of the *790 automobile and it was in his custody and control during its operation. Appellant can no more hold the owner liable for his per-mittee’s negligent driving than he could if he, himself, had been driving when the accident occurred.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.

. In Raydel, the supreme court cites other cases announcing exceptions to the dangerous instrumentality doctrine. See 178 So. at 572.