SHARP, Judge.
Kaczmarek appeals from a partial summary judgment entered in favor of Kelly, the plaintiff below.[1] The trial court ruled that Kaczmarek’s negligence as the driver of a dune buggy, which injured Kelly while he was a passenger in the vehicle, should not be imputed to Kelly in his suit against Kaczmarek, merely because Kelly was the lessee or bailor of the buggy. We agree and affirm.
In Weber v. Porco, 100 So.2d 146 (Fla.1958), the Florida Supreme Court applied the doctrine respondeat superior in holding that the negligence of the driver of a car can be imputed to its owner who was riding therein as a passenger, in a lawsuit involving a third party. The court reasoned that it is a matter of “simple logic,” id. at 148, to impute a driver’s negligence to the owner of an automobile in the context of a third party’s suit against the owner, as well as the owner’s claim against a third party. But in this case, there is no third party.
We think this case is controlled by Hale v. Adams, 117 So.2d 524 (Fla. 1st DCA 1960). The court applied the general rule in Florida that principals may sue their agents for negligent acts done pursuant to an agency relationship. Accordingly, it held that a driver’s negligence would not be imputed to the owner of a car who was injured while riding as a passenger, in a lawsuit brought by the owner against the driver. There is even less reason to impute the negligence of a driver to a bailor-lessee.
AFFIRMED.
DAUKSCH, J., concurs.
COWART, J., concurs specially with opinion.

. This is an appealable non-final order. Fla.R. App.P. 9.130(a)(3)(C)(iv).