511 So.2d 1085 (1987)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Donna CLAUSON, Appellee.
No. 87-628.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Rehearing Denied September 21, 1987.
*1086 Kubicki, Bradley, Draper, Gallagher & McGrane and Gail L. Kniskern, Miami, for appellant.
Michael A. Nuzzo; James E. Doddo, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The plaintiff, Mrs. Clauson, is an officer of an advertising agency which, as part of her compensation, provided her an automobile which it had leased from We Try Harder, Inc. for her full-time, unrestricted use. While returning from a social event, she was riding as a passenger in the car which she had allowed her husband to drive. He did so negligently and she was injured. His liability carrier denied coverage because of interspousal immunity.[1] Mrs. Clauson then made the instant claim on Mr. Clauson's State Farm uninsured motorist coverage based on the asserted liability of the vehicle's owner, We Try Harder, under the dangerous instrumentality doctrine. State Farm defended on the ground that Mrs. Clauson was not "legally entitled" to collect from We Try Harder and that there was therefore no UM coverage under its policy[2] and the applicable law. § 627.727(1), Fla. Stat. (1983); Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla. 1986). On cross-motions for summary judgment, the lower court held that there was owner liability and therefore UM coverage as a matter of law. We reach the opposite conclusion and order the entry of judgment for State Farm.
It is clearly established that an injured bailee of a vehicle cannot recover against the owner of the vehicle for injuries caused by the negligent operation of her own sub-bailee. Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla. 1965); Devlin v. Florida Rent-A-Car, Inc., 454 So.2d 787 (Fla. 5th DCA 1984). The reason for this rule is fairly simple. To the same extent as the owner, a bailee (or sub-bailee) of a motor vehicle is liable to third persons under the dangerous instrumentality doctrine for the negligence of one to whom he has entrusted it. Frankel v. Fleming, 69 So.2d 887 (Fla. 1954); Brown v. Goldberg, Rubinstein & Buckley, P.A., 455 So.2d 487 (Fla. 2d DCA 1984), pet. for review denied, 461 So.2d 114 (Fla. 1985); 4 Fla.Jur.2d Automobiles and Other Vehicles § 292 (1978). Thus, if Mr. Clauson had injured a pedestrian or another driver, not only We Try Harder but Mrs. Clauson (and her employer as well) would be vicariously responsible for his negligence. In the present instance, however, in which the bailee, Mrs. Clauson, has, in effect, sued We Try Harder for Mr. Clauson's negligence, she is barred by the fact that his negligence is imputed directly to her and is, as it were, stopped on its attempted way up the chain of responsibility before it reaches the owner.[3] Looking at it another way, the husband's negligent driving is imputed to both the plaintiff and the owner-defendant. She is as much  if not, as the immediate bailee, more  responsible for his conduct as the "defendant" We Try Harder. Two Florida cases directly apply these principles and hold, as we do in following them, that the bailee cannot succeed in such a situation. Raydel, Ltd. v. Medcalfe, 178 So.2d at 572; Devlin v. Florida Rent-A-Car, Inc., 454 So.2d at 787.
*1087 Finally, we reject the plaintiff's claim that this rule does not apply because, unlike Raydel and Devlin, the injured bailee secured the car from an intervening lessee-bailee, her employer, rather than directly from the owner. Applying the principles already discussed, this fact cannot make any legal difference. We do not read Toner v. G & C Ford Co., 249 So.2d 703 (Fla. 1st DCA 1971), cert. dismissed, 263 So.2d 214 (Fla. 1972), upon which the appellee relies, to hold otherwise.[4] As we understand it, Toner finds it a jury question as to whether the vehicle was in fact entrusted to the injured passenger or directly to the negligent driver. See Devlin, 454 So.2d at 789 (distinguishing Toner). Here, it is stipulated that the vehicle was, in fact, "given" to the injured plaintiff who therefore has no valid claim against the owner or, as a result, under UM against State Farm.
Reversed.
NOTES
[1] Zimmerman v. Zimmerman, 447 So.2d 1019 (Fla. 3d DCA 1984), aff'd, 478 So.2d 350 (Fla. 1985). It is undisputed that this doctrine bars Mrs. Clauson's claim against her husband.
[2] The UM policy provides, in pertinent part: We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.
[3] Of course, the driver's negligence is not imputed to the owner-or-bailee-passenger in an action by the latter directly against the actively negligent driver. Weber v. Porco, 100 So.2d 146 (Fla. 1958); Kaczmarek v. Kelly, 479 So.2d 222 (Fla. 5th DCA 1985); Hale v. Adams, 117 So.2d 524 (Fla. 1st DCA 1960). Unfortunately, the immunity doctrine serves that purpose in this case.
[4] If we are wrong about this, we disagree with Toner.