WENTWORTH, Judge.
Appellant seeks review of a summary final judgment by which it was determined that appellee may not be held liable for injuries sustained while appellant was a passenger in a leased vehicle. The court indicated that recovery was precluded because appellant was a bailee of the vehicle which had been leased from appellee. We find that the circumstances present a jury question as to whether appellant had terminated his status as bailee, and we therefore reverse the order appealed.
Appellee leased a vehicle to Olivia Adams, pursuant to a contract which contained a provision that no one else should use the vehicle without appellee’s consent. Without obtaining such consent Adams allowed appellant’s brother to use the vehicle. Adams did not expressly restrict the scope of this use and later that evening appellant’s brother allowed appellant to use the vehicle, also without restriction. Appellant drove the car to the residence of an individual named Bill Wise, and appellant and Wise then used the vehicle to visit several clubs. During the course of the night appellant became tired and asked Wise to drive. Appellant indicated that at times during the night he remained in the car sleeping while Wise was within various business establishments. After departing one of the clubs in the early morning hours, with Wise driving and appellant in the front passenger seat, an accident occurred and appellant was severely injured.
Appellant filed an action against both Wise and appellee, alleging that his injuries resulted from Wise’s negligent operation of the vehicle. Appellee moved for summary judgment, asserting that appellant was a bailee of the vehicle and could not recover from appellee based upon Wise’s negligence. The court agreed, relying on the decision in State Farm Mut. Auto. Ins. Co. v. Clauson, 511 So.2d 1085 (Fla. 3d DCA 1987). In reaching this conclusion the court distinguished this court’s decision in Toner v. G & C Ford Co., 249 So.2d 703 (Fla. 1st DCA 1971), cert. dismissed, 263 So.2d 214 (Fla.1972), and entered summary judgment for appellee.
The dangerous instrumentality doctrine encompasses the principle that if an automobile owner permits the vehicle to be used by another the owner may be held liable for injuries to third persons resulting from such use and operation of the vehicle. See e.g., Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947); Union Air Conditioning, Inc. v. Troxtell, 445 So.2d 1057 (Fla. 3d DCA 1984), rev. denied, 453 So.2d 45 (Fla.1984). Liability may result even though the bailee under a rental agreement allows the vehicle to be used by another individual in violation of the express terms of the agreement. See Susco Car Rental System of Fla. v. Leonard, 112 So.2d 832 (Fla.1959); Avis Rent-A-Car Systems, Inc. v. Garmas, 440 So.2d 1311 (Fla. 3d DCA 1983), review denied, 451 So.2d 848 (Fla.1984). But such liability generally extends only to third parties; it has been indicated that an owner is not liable for injuries to a bailee resulting from the negligent operation of an automobile by a co-bailee to whom the vehicle was entrusted by the injured bailee. See Raydel Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965); see also Carter v. Baby Dy-Dee Service, Inc., 159 Fla. 380, 31 So.2d 400 (1947).
This court addressed these principles in Toner v. G & C Ford Co., supra. In that case an automobile was leased by a political candidate pursuant to a rental agreement which would allow the vehicle to be used by campaign workers. One of the campaign workers used the vehicle on a combined campaign and personal mission, during which he met an individual who agreed to assist him. The campaign worker eventully asked this other individual to drive, and an accident thereafter occurred while the campaign worker was riding in the vehicle. The campaign worker sued *1048 the owner of the vehicle, and the trial court entered a directed verdict for the owner. On appeal this court reversed, indicating that a jury question was presented as to whether the campaign worker’s status, at the time of his injury, had become solely that of a passenger.
The rationale of Toner has been discussed in other cases. See e.g., Devlin v. Fla. Rent-A-Car, Inc., 454 So.2d 787 (Fla. 5th DCA 1984); Ray v. Earl, 277 So.2d 73 (Fla. 2d DCA 1973), cert. denied, 280 So.2d 685 (Fla.1973). In State Farm Mut. Auto. Ins. Co. v. Clauson, supra, the court distinguished Toner, and expressed some potential disagreement therewith, in a case involving injuries sustained by the bailee of a vehicle while it was being driven by a sub-bailee. In doing so the court emphasized that Toner involved an open bailment. The Clauson court approved a summary judgment for the owner of the vehicle in the bailee’s action to recover for her injuries.
In the present case the court relied on Clauson in granting summary judgment for appellee. As in Clauson, the court below noted the open bailment arrangement in Toner. However, we do not deem this single factor to be crucial to the Toner decision. Rather, we find Toner to be consistent with the general principle that where conflicting inferences are involved the issue as to one’s status as a bailee will ordinarily be a jury question. See e.g., Brown v. Goldberg, Rubenstein and Buckley, P.A., 455 So.2d 487 (Fla. 2d DCA 1984), review denied, 461 So.2d 114 (Fla.1984). Like Toner, the present case involves conflicting inferences and the circumstances present a jury question as to whether appellant had terminated his status as a bailee and become solely a passenger. The existence of this issue of material fact precludes summary judgment.
The order appealed is reversed and the cause remanded.
ERVIN and ZEHMER, JJ., concur.