EHRLICH, Chief Justice.
We have for review Almon v. Enterprise Leasing Company, 537 So.2d 1046 (Fla. 1st DCA 1989), because of express and direct conflict with Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965), and State Farm Mutual Automobile Insurance Co. v. Clauson, 511 So.2d 1085 (Fla. 3d DCA 1987), review denied, 523 So.2d 576 (Fla.1988). We have jurisdiction.* Art. V, § 3(b)(3), Fla. Const. We quash the decision of the district court below.
The petitioner, Enterprise Leasing Company, leased an automobile to Olivia Adams in February of 1986. On March 1, 1986, Adams loaned the car to Steve Almon. Steve Almon subsequently allowed his brother, respondent Shedrick Almon, to use the car. Shedrick Almon drove to the Jacksonville Riverwalk, stopping on the way to pick up Bill Wise. Later that evening, when the two left the Riverwalk, Shedrick Almon permitted Bill Wise to drive the car. After visiting two other night spots, they proceeded to return home in the car with Wise continuing to drive. While en route, an accident occurred and Shedrick Almon was severely injured.
Almon filed an action against Wise alleging that the negligence of Wise caused the accident and Almon's injuries. Almon joined Enterprise Leasing in the lawsuit based upon Enterprise Leasing’s vicarious liability as owner of the automobile. The trial court granted summary judgment in favor of Enterprise Leasing, determining that Enterprise Leasing may not be held liable for injuries incurred by Almon because Almon was a bailee of the vehicle. The district court below reversed the order, finding that the circumstances presented a jury question as to whether Almon had terminated his status as bailee. Enterprise Leasing seeks review of the district court’s decision, arguing that at the time of the accident Almon was a bailee as a matter of law under the facts at hand and that, as owner of the vehicle, it was not liable to him. We agree.
Enterprise Leasing correctly notes that it remained liable, as owner of the vehicle, for injuries to third parties as a result of the negligent operation of the vehicle under Florida’s dangerous instrumentality doctrine despite a contractual provision in the lease prohibiting Adams from allowing others to use the car. See Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965); Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947). This Court has previously held, however, that
an owner, master, employer, principal or bailor who entrusts his automobile to an agent, servant, employee, bailee or other person is not civilly liable under the dangerous instrumentality doctrine to the person entrusted therewith for injuries sustained personally by that person ... solely because of the negligent operation thereof by a third person who in turn was entrusted with the automobile by the one initially entrusted with it.
Raydel, 178 So.2d at 572.
In Raydel, Mr. and Mrs. Medcalfe were employed by Mrs. Soper. Mrs. Soper loaned the Medcalfes a vehicle owned by a family corporation which was controlled by Mrs. Soper. The Medcalfes were using the car one day for a personal trip, with Mr. Medcalfe driving, when an accident occurred in which Mrs. Medcalfe was injured. *216 Mrs. Medcalfe brought suit against Mrs. Soper and the corporation because of their ownership of the car. This Court held that Mrs. Medcalfe, as a bailee of the car, could not impute the negligent operation of the car to the owners; that as one entrusted with the possession of the ear she in turn had consented to its being driven for her personal benefit by her husband.
This principle was recently applied by the Third District Court of Appeal in State Farm Mutual Automobile Insurance Co. v. Clauson. Mrs. Clauson’s employer leased an automobile from We Try Harder, Inc. This automobile was provided to Mrs. Clauson for her full-time, unrestricted use as part of her compensation. Mrs. Clauson was injured in an accident which occurred while returning from a social event in the vehicle, with her husband driving. Mrs. Clauson made a claim on Mr. Clauson’s uninsured motorist coverage based on the asserted liability of the vehicle’s owner, We Try Harder, under the dangerous instrumentality doctrine. The Third District ordered the entry of judgment for State Farm. In so doing, the court set forth the following analysis with which we agree.
It is clearly established that an injured bailee of a vehicle cannot recover against the owner of the vehicle for injuries caused by the negligent operation of her own sub-bailee. Ray del_ The reason for this rule is fairly simple. To the same extent as the owner, a bailee (or sub-bailee) of a motor vehicle is liable to third persons under the dangerous instrumentality doctrine for the negligence of one to whom he has entrusted it. Thus, if Mr. Clauson had injured a pedestrian or another driver, not only We Try Harder but Mrs. Clauson (and her employer as well) would be vicariously responsible for his negligence. In the present instance, however, in which the bailee, Mrs. Clauson, has, in effect, sued We Try Harder for Mr. Clauson’s negligence, she is barred by the fact that his negligence is imputed directly to her and is, as it were, stopped on its attempted way up the chain of responsibility before it reaches the owner.... She is as much — if not, as the immediate bailee, more — responsible for his conduct as the “defendant” We Try Harder.
Clauson, 511 So.2d at 1086 (citations omitted; footnote omitted).
In the present case, Shedrick Almon is not a “third party” to whom the owner is liable in the sense contemplated by the dangerous instrumentality doctrine. He was entrusted with the automobile and was thus a bailee. If Wise had injured a “third party,” Almon would have been liable to such “third party” for the negligent operation of the automobile because he had custody and control of the automobile, a dangerous instrumentality, and placed the negligent driver in control of the car, rendering him responsible for negligent acts committed by the driver. Because the negligence of Wise is imputed to Almon, Almon may not recover from the owner of the vehicle.
The district court below concluded that whether Almon was a bailee at the time of the accident was a question to be resolved by the jury, based upon what it perceived as conflicting inferences as to whether he had terminated his status as a bailee and become solely a passenger. In reaching this conclusion, the district court below seemingly relied upon Toner v. G & C Ford Co., 249 So.2d 703 (Fla. 1st DCA 1971), writ discharged, 263 So.2d 214 (Fla.1972). In Toner, G & C Ford loaned an automobile to a political candidate for his unrestricted use, including use by campaign workers. Toner, a campaign worker, was driving the vehicle on a combined campaign and personal mission. He met a friend who agreed to help him in the campaign. Toner permitted the friend to drive the vehicle and an accident occurred in which Toner was seriously injured. The First District felt that Toner’s status at the time of the accident was solely that of a passenger; that his status as implied bailee ended when his friend assumed operation of the vehicle and the friend/driver became the implied bailee under the “open bailment” arrangement. The district court concluded that “[a]t the very least, Toner’s status was one that a jury should have had *217 the opportunity to resolve.” 249 So.2d at 705.
It seems clear that Toner could have been held vicariously liable if his friend had injured a “third party” based upon his act of entrusting a negligent driver with a dangerous instrumentality. The same reasons which lead to the above result also lead to the conclusion that Toner should not have been permitted to recover from the owner of the vehicle. Because he entrusted the vehicle to his friend, the negligent acts of his friend while driving the vehicle are imputed to Toner.
Accordingly, we quash the decision below and disapprove the First District’s decision in Toner.
It is so ordered.
oyerton, McDonald, shaw, BARKETT, GRIMES and KOGAN, JJ., concur.

 Prior to the scheduled oral argument, the parties settled and stipulated for the dismissal of the case. We choose to retain jurisdiction in order to resolve the conflict presented.