JOHNSON, Judge
(dissenting).
I cannot agree with the majority opinion in this case. In the beginning of the majority opinion it is stated that the question involved the liability of a co-owner of an *178 automobile for damages inflicted on another automobile by one of the co-owners while operating the automobile. This assumption is a misleading and I believe an erroneous assumption of a fact which is not borne out by the evidence. The trial court did not find the parties to be co-owners, in fact, but one of the parties being only a guarantor for payment of the purchase price ■of the automobile. One of the alleged “co-owners” was a minor, 19 years of age. He was a brother-in-law of the appellee Gibbs. In attempting to purchase the automobile on a deferred payment plan or installment contract, the dealer or seller would not conclude the sale of the auto to the appellee Dixon, he being a minor without an endorser or some adult cosigning the contract of purchase who would or could be held liable for payment in the event of default in payment. It is admitted that the appellee Gibbs had never had possession of the auto, had never driven it nor had he even ridden in it. He at no time exercised nor attempted to ■exercise any possession nor control of said auto. In fact, the night the accident in ■question happened, the appellee Gibbs was at home in bed asleep.
The fact that Gibbs was called into the transaction of the purchase of the auto by Dixon as a guarantor of the purchase price, was established by parol evidence, elicited from the salesman selling the auto as well as from the appellee Gibbs. The record reveals a “Résumé of Testimony” dated February 7, 1966, and signed by the respective ■counsel for appellant and appellees, wherein the unrefuted testimony was, as quoted from ■said résumé: “That prior to the accident he (Dixon) desired to purchase a motor vehicle * * * but that the Company would not consummate the transaction unless and adult would guarantee the fulfillment of the Contract of Purchase; * * *; Gibbs agreed and went to the Company’s ■office in Jacksonville and agreed to guarantee the fulfillment of the purchase contract by Dixon; that the necessary title papers were issued and the car delivered to Dixon; that Gibbs never exercised any dominion or control of said vehicle and that he (Dixon) treated said motor vehicle as his own; * * *.” (Emphasis added.) The résumé further points out that Gibbs made it clear to the salesman of the auto that he, Gibbs, was “acting only as an endorser or guarantor” and that at no time did he intend to own any part of said vehicle.
From this testimony, the trial court found that Gibbs was not a lawful owner of the vehicle and as such responsible for the injuries and damage imposed by negligent operation of said vehicle. This finding of the trial court was assigned as error as assignments # 2 and # 4, so let us pause to study these points. There was no question raised as to the use of parol evidence to explain away the apparent ownership as shown by the written contract of purchase and title certificate. I think the court was right in considering this evidence to determine lawful ownership. Having determined as he did, that Gibbs was merely a guarantor or surety, the trial court then likened the case to that as treated by the Florida Supreme Court in Palmer v. R. S. Evans, Jacksonville, Inc., 81 So.2d 635 (1955), wherein we find this language:
“Moreover, in jurisdictions having statutes making the owner liable for the negligence of another driving his car with his consent, the term ‘owner’ has been universally construed to eliminate those who hold nothing more than naked legal title. * * * ”
True, in this latter case, the question involved was that of a retained title where the vehicle was sold on contract; but we have a very similar situation here. In the Evans case, supra, the title is retained as a form of security or guarantee of payment, whereas in the case sub judice, a third person signs as guarantor. At most, Gibbs was the holder of a naked title only, as a co-owner. The Evans case, and the trial court in this case, held that the holder of the naked title is not subject to the tort liability imposed upon the owner of an automobile operated by another.
*179 The majority opinion carries the provision that to permit Gibbs’ statement that he signed the conditional sales contract only as a guarantor for Dixon was a clear violation of the parol evidence rule. I do not find this to be the law. The parol evidence rule is applicable only to the parties to the contract or their privies; and not to a stranger thereto. 13 Fla.Jur. § 384, Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597 (1895). The Hertz Corporation was not a party to the contract of purchase in question. Both parties to the contract testified as to the intentions of the parties to the contract. Further, there was no objection to the introduction of this parol evidence, insofar as the record shows us, as required before it could be assigned as error. It was not assigned nor argued as error by the appellant. The trial court went one step further in determining that no liability against Gibbs existed, that is whether the defendant Gibbs could be held liable under the Florida dangerous instrumentality doctrine. (Assignment of Error No. 3.) The court cited the Florida Supreme Court case of May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla.1955), wherein we find this language: "A study of the origin and application of the doctrine of vicarious liability on the part of an automobile owner shows clearly that whatever may be the limitations of its scope of application, liability is bottomed squarely upon the doctrine of respondeat stiperior arising from a principal and agent relationship implied in law.”
The trial court further found, and I think correctly so, that at most, in the case sub judice, joint owners being pari causa e. g., neither master and servant nor principal and agent, it follows that the doctrine of respondeat superior could have no application as between them.
As to the defects in the answer of the defendants, appellant’s contention that the defendants failed to properly plead his denials of liability, as required by F.S. 51.12, F.S.A., I can see no merit. This section is specifically applicable in the negligent operation by a person other than owner. (Emphasis supplied.) Under either construction, whether Gibbs was a guarantor only, or a co-owner, this statute could not apply because the evidence is that it was being driven by the co-owner Dixon.
I think the majority opinion overlooked the findings of fact by the trial court which facts had the proper impact of relieving Gibbs of liability. For the reasons stated, I must dissent from the opinion of Judge Sack.