396 So.2d 726 (1981)
DWL, INC., a Florida Corporation, David W. Leadbetter and Nancy Leadbetter, His Wife, Appellants,
v.
Walter E. FOSTER, Jr., Appellee.
No. 80-290.
District Court of Appeal of Florida, Fifth District.
March 11, 1981.
Rehearing Denied April 15, 1981.
*727 R. Michael Kennedy of Kennedy & Hogeboom, South Daytona, for appellants.
B. Paul Katz of Black, Crotty, Sims & Hubka, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a summary final judgment holding appellee, an attorney, free of liability for professional malpractice.
Appellee was retained by the Leadbetters to represent them in the purchase of a motel. Foster examined the title and represented appellants at the closing on March 4, 1977. A corporation, D.W.L., Inc., was formed to take title to the motel property and the Leadbetters were sole stockholders.
The motel was encumbered by several mortgages and the closing statement prepared by Foster referred to and included the assumption of six mortgages. Although Foster charged for a title examination, he did not render a written title opinion or otherwise evidence the results of that examination.
Among the mortgages on the closing statement was the "Vutskos" mortgage from Nick and Tula Vutskos to James and Sarah White. Its final paragraph provided:
This mortgage is also made on the express condition that if a certain mortgage recorded in Official Records Book 1444, Page 487, of the Public Records of Volusia County, Florida, which has been assigned to the mortgagees herein goes into default then whatever accrued interest and outstanding principal may, at the option of the holder, be added to this Mortgage and Note. The payment of that amount shall be made equally over the time remaining under the same terms and conditions of this Mortgage and Note at the same interest rate.
The Whites contended that the mortgage (the "White" mortgage referred to in the Vutskos' mortgage quoted above)[1] was in default and demanded payment. The Vutskos contended that it was not a valid debt and asserted they would not pay it. A meeting was held in an attempt to resolve the problem. The depositions used in support of the summary judgment do not reflect a clear understanding of what was *728 proposed. Foster claims that the Vutskos agreed if the Leadbetters would pay the $9,000 due to the Whites, the Vutskos would waive a $15,000 payment due in June. The Leadbetters claim they would be relieved of paying the $15,000 in June in exchange for the $9,000 but would ultimately have to pay it, thereby increasing the purchase price $9,000. Therefore, they elected not to make any further monthly payments and did not make the balloon payment due in June.
In August, 1977, the Vutskos foreclosed their mortgage. Appellants sued Foster for malpractice in failing to disclose the "White" mortgage liability. Appellee moved for summary judgment contending that, as a matter of law, the loss of appellant's motel because of their failure to pay the Vutskos' mortgage constituted an intervening cause, precluding any proximate causation between Foster's omission and appellant's damages.
The sole point on appeal is whether appellant's election not to pay the Vutskos' mortgage constituted an intervening cause to support entry of summary judgment.
A person who has been negligent is not liable for damages suffered by another where some separate force or action is the active and efficient intervening cause, the sole proximate cause or an independent cause. Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980). However, one who is negligent is not absolved of liability where his conduct sets into motion a chain of events resulting in injury to the plaintiff. Gibson at 522. When an intervening cause is foreseeable by the wrongdoer, his negligence may be considered the proximate cause of the injury notwithstanding the intervening cause. Id.
The appellants paid nothing on the White mortgage. Other than the demand for payment by the Whites, which the Vutskos claimed was not legitimate, appellants suffered no inconvenience because of the mortgage. No suit was filed and their possession of the property was not disturbed.
The loss of the property was directly attributable to their refusal to make further payments. Other avenues to resolve their problem were available to them.[2] Their election to do nothing was the intervening cause of their loss rather than the omission of appellee.
The judgment appealed is therefore affirmed.
ORFINGER, J., and CLARK, HAROLD R., Associate Judge, concur.
NOTES
[1] This mortgage was additional security on another debt between the Vutskos and the Whites.
[2] Appellants made no tender of payment conditioned upon removal of the lien, and made no attempt to defend the Vutskos' foreclosure claiming a set-off against the amount due the Whites.