403 So.2d 1031 (1981)
Frank NUNZIATO, Individually, and As Personal Representative of the Estate of Lena Nunziato, Deceased, Frank F. Nunziato and George T. Nunziato, by and through Frank Nunziato, Their Father and Next Friend, Appellants,
v.
P & L AUTO PARTS, INC. and South Carolina Insurance Company, Appellees.
No. 80-2200.
District Court of Appeal of Florida, Third District.
August 18, 1981.
Rehearing Denied October 7, 1981.
*1032 Kermit G. Kindred and Richard R. McCormack, Miami, for appellants.
Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellees.
Before BARKDULL and FERGUSON, JJ., and MELVIN, WOODROW (Ret.), Associate Judge.
FERGUSON, Judge.
Lena Nunziato was killed while a passenger in a vehicle owned by appellee P & L Auto Parts, Inc. and insured by appellee South Carolina Insurance Co. Frank Nunziato individually and as personal representative of Lena's estate, appeals from a summary judgment entered in favor of appellees in the wrongful death action below. We affirm.
Lena was killed when the vehicle in which she was riding crashed head-on while rounding a "S" shaped curve. An autopsy on the driver of the P & L Auto Parts car, Kenneth Lorenzo, revealed that he had a .14 percent blood-alcohol level at the time of the accident. The driver of the other car, George DeMoya, stated that a few hours before the collision, he had taken a couple of quaaludes mixed with a few drinks. It was estimated that DeMoya was traveling about 60 miles per hour; Lorenzo between 35 to 55 miles per hour. The posted speed limit is 30 miles per hour. DeMoya's vehicle crossed the center-line almost five feet into Lorenzo's lane. Lorenzo's vehicle did not cross the center-line and the accident occurred in the lane occupied by Lorenzo's vehicle. DeMoya admits to having dozed off to sleep shortly before the collision. In deposition, appellee's expert witness testified that the driver of the P & L Auto Parts vehicle would have had one to one-and-a-half seconds to act after DeMoya's car started to brake and that an on-coming driver could not react sufficiently to avoid impact in that period of time. The issue on appeal is whether the actions of Lorenzo were a proximate cause of Lena's death.
Even if we assumed that Lorenzo was negligent in that he was driving with a high blood-alcohol level and speeding  although there is no conclusive evidence as to speed  he may not be held liable for this negligence if the damage was caused by an active and efficient intervening cause. See, e.g., Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla. 1980) and cases collected therein.
There is no evidence that Lorenzo set in motion a chain of events resulting in death to Lena, see, e.g., Gibson, supra, or that the cause of the accident and the sole proximate cause of Lena's death was other than the intervening conduct of DeMoya. Nor is this a case where the intervening cause is foreseeable. Cf. DWL, Inc. v. Foster, 396 So.2d 726 (Fla. 5th DCA 1981) (intervening cause of foreclosure as a consequence of failure to pay mortgages, foreseeable). Whether the intervening cause is foreseeable depends on whether the harm that occurred was within the scope of the risk created by the defendant's conduct. On this record there is no factual dispute as to question of foreseeability.
Where, as here, there is an active and efficient intervening cause, the question of proximate cause is one for the court. Nance v. James Archer Smith Hospital, Inc., 329 So.2d 377 (Fla.3d DCA 1976), cert. denied, 339 So.2d 1171 (Fla. 1976); Kwoka v. Campbell, 296 So.2d 629 (Fla.3d DCA 1974), cert. denied, 304 So.2d 450 (Fla. 1974).
The entry of final summary judgment for appellees is affirmed.