438 So.2d 1009 (1983)
Sarah GOLD, Appellant,
v.
CHEKER OIL COMPANY and/or the Imperial Florida Oil Company, Appellees.
No. 82-1697.
District Court of Appeal of Florida, Fourth District.
October 12, 1983.
*1010 Kathleen Phillips of Law Offices of Neil Chonin, P.A., Coral Gables, for appellant.
Richard A. Sherman of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Miami, for appellees.
DELL, Judge.
Sarah Gold appeals from a final summary judgment holding the Workers' Compensation Statute, Chapter 440, Florida Statutes (1981) barred her claim for loss of consortium as a result of her husband's injuries.
Appellant's husband sustained personal injuries at work, became disabled, and received Workers' Compensation benefits. Appellant filed suit against appellee, her husband's employer, seeking damages for loss of consortium. Appellee moved for summary judgment and asserted that because the wife's claim is purely derivative and the husband's exclusive remedy is pursuant to Chapter 440, Florida Statutes, that she could not recover as a matter of law. The trial court granted appellee's motion and this appeal followed.
Appellant contends this application of Chapter 440 unconstitutionally denies her right of access to the court for enforcement of her separate property rights.
The Supreme Court first recognized an equal right of a wife to claim for the loss of consortium in Gates v. Foley, 247 So.2d 40 (Fla. 1971). However, the Court held the right to recover for loss of consortium constituted a purely derivative claim.
The rule that we now recognize is that the wife of a husband injured as a proximate result of the negligence of another shall have a right of action against that same person for her loss of consortium. We further hold that her right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant.
Id. at 45.
The Workers' Compensation Statute provides an exclusive remedy for an employee injured at work. The statute restricts the employee's recovery except as provided within Chapter 440 and precludes further liability of the employer to a spouse. Chapter 440.11, Florida Statutes (1981) provides:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, .. .
We find no merit in appellant's argument that Section 440.11, Florida Statutes denies her access to the courts. The Supreme Court created her right to claim damages for loss of consortium but expressly limited it to those cases where her husband had a cause of action against the same defendant. Since appellant's husband has no common law right against appellee, his employer, his wife's derivative claim is also precluded.
Therefore, we affirm the final summary judgment in favor of appellee.
AFFIRMED.
ANSTEAD, C.J., and BERANEK, J., concur.