ERVIN, Chief Judge.
In this action for personal injuries, appellant, Lorraine Cutcher, seeks review of an order granting summary judgment in favor of her deceased husband’s employers, defendants below. We affirm in part, reverse in part and- remand for further 'proceedings.
Appellees (the employers), doing business as Sadisco of Florida (Sadisco), employed appellant’s husband, John Cutcher, to tow wrecked vehicles to their salvage yard. Included in the husband’s duties was the siphoning of any gas remaining in the wrecks into containers for eventual use in the employers’ tow trucks. Although drivers were expected to perform this task and other truck maintenance during the regular work week, the husband was permitted by the employers to come to the yard on Sundays for such purpose. Appellant routinely accompanied her husband in the truck on his daily towing assignments and on the Sunday trips to the yard, although she was not an employee of Sadisco and received no compensation for assisting her husband. During their Sundays at the salvage yard, the Cutchers, who had no home telephone, would occasionally receive long-distance phone calls at the Sadisco office from their son.
On the pertinent Sunday at the yard, the husband performed various maintenance tasks and siphoned the gas from the wrecked vehicles into a large plastic tank strapped to the truck and several plastic gallon jugs which were then placed on the floor on the passenger side of the truck cab. No call was then expected or received from the Cutcher’s son. Enroute home the truck was involved in a collision with a car that had crossed over into the truck’s lane. The husband apparently pulled the truck off of the roadway in an effort to avoid the oncoming car but it was, nevertheless, struck head on. The collision resulted in an explosion and fire in the tow truck, attributed by investigators to ignition upon impact of some accelerant in the truck cab, apparently the gas in the plastic jugs. The husband died in the fire and the wife, appellant, suffered severe burns. It was later revealed that the driver of the car had a high level of medication in his system and had recently been hospitalized for mental instability. He was unable to recall any of the events of the day subsequent to stealing his parents’ car while they attended church.
Appellant unsuccessfully sought death benefits under the Workers’ Compensation Act. The deputy commissioner (DC), in denying the benefits, found that the accident did not arise out of, and in the course of, the husband’s employment. The DC’s order was affirmed on appeal. Cutcher v. Sadisco of Florida, 430 So.2d 453 (Fla. 1st DCA 1983). Ms. Cutcher then brought the *1337 present action against the employers, alleging negligence by her husband attributable to his employers under the theories of re-spondeat superior and the dangerous instrumentality doctrine. Summary judgment was granted in favor of the employers on a ruling that the personal injury litigation was collaterally estopped by the prior determination in the workers’ compensation proceeding and by the negligence of the oncoming driver, Allen, which had severed any causal connection between the husband’s negligence and the wife’s injuries.
Summary judgment is properly entered when the pleadings and other factual showings reveal that there exists no genuine issue of material fact such that the mov-ant is entitled to judgment as a matter of law. Pla.R.Civ.P. 1.510(c). In the instant case, appellant contends that the entry of summary judgment was erroneous in that issues existed as to the material facts of (1) whether the husband was acting in the course of his employment at the time of the accident, (2) whether the appellant’s control and treatment of the truck at the time of the accident was such as to impute the husband’s negligence to her, and (3) whether the husband’s negligent truck operation and handling of the gasoline were contributory proximate causes of appellant’s injuries regardless of Allen’s negligence.
As to the first issue, we are persuaded that the DC’s determination, finding that the accident did not arise in the course of the husband’s employment for purposes of the workers’ compensation claim, collaterally estops relitigation of the issue in an action in law brought under a theory of respondeat superior. Under Florida law, it is clear that a workers’ compensation tribunal has competent jurisdiction to determine whether an accident arose in the course of employment and that such a determination is conclusive in a subsequent suit between the parties. United States Fidelity & Guaranty Co. v. Odoms, 444 So.2d 78 (Fla. 5th DCA 1984). Appellant contends that the scope of “course of employment” is given broader definition in the context of a civil suit than that applicable in the workers’ compensation forum, as exemplified by inclusion of performance of work reasonably incidental to or reasonably expected by the employment position in Florida Standard Jury Instructions in Civil Cases, 3.3(b). We find no merit in this argument as these allegedly additional bases for finding an employees’ actions to be within the scope of employment have been relied upon in workers’ compensation proceedings. Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193 (Fla.1972); Fidelity & Casualty Company of New York v. Moore, 143 Fla. 103, 196 So. 495 (Fla. 1940). The issue of scope of the employment thus appears to be the same in the context of this civil suit as in the prior workers’ compensation proceeding. Accordingly, as there remained no issue of material fact to be determined by the trial court as to those counts predicating the employers’ liability on respondeat superior, we affirm the entry of summary judgment as to those counts.
The trial court additionally entered summary judgment as to the counts premising liability on the dangerous instrumentality doctrine on the basis of the bar of collateral estoppel raised by the DC’s determination that the Cutchers were on a joint personal venture at the time of the accident. The court viewed this finding as imputing the husband’s negligence to the wife, thereby bringing her within an exception to the dangerous instrumentality doctrine, removing her from the class of persons to whom the employers, as owners of the tow truck, may be liable under that doctrine. See Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965).
The test of a joint venture in this context is whether the driver and passenger are jointly operating and controlling the movement of the vehicle with common purpose and community of interest in the enterprise, with equal right to control and direct the conduct of each other. 3 Fla.Jur.2d Automobiles § 296 (1978). See also Florida Standard Jury Instructions in Civil Cases, 3.3(f). To sustain the summary *1338 judgment, the DC’s findings or other factual matter before the trial court must show as a matter of law that such a relationship existed. The DC found as to this issue that “[the husband] was on a personal mission” and that “[g]oing to the yard on Sunday was of primary benefit to the decedent and his wife.” The trial judge was also confronted with evidence that the wife occasionally drove the truck and that the couple received personal phone calls at the yard on Sundays. This showing does not resolve all issues so as to establish as a matter of law that there was a joint personal venture. There remain viable issues of material fact as to whether there was some benefit to the employers which would defeat a finding of an exclusively personal venture, and whether the operation of the tow truck could be deemed to be within the couple’s joint dominion at the time of the accident. In light of such unresolved issues, the entry of summary judgment as to employers’ vicarious liability under the dangerous instrumentality doctrine cannot be sustained.
Further bases for summary judgment as to those counts predicated on the dangerous instrumentality doctrine were the trial court’s determination, as a matter of law, that the husband was not negligent in his operation of the tow truck and that his alleged negligence in storing the gasoline in plastic jugs inside the vehicle was not the proximate cause of appellant’s injuries.
Summary judgment in regard to the allegedly negligent vehicle operation is not sustainable in light of conflicting evidence pertaining to the husband’s reaction to the oncoming car. This inconsistent evidence does not resolve the issue of whether the husband’s actions fulfilled the duty of care owed to his passenger and, thus, cannot support the entry of summary judgment.
The trial court also found that, as a matter of law, the driver of the automobile involved in the collision was an efficient, intervening cause of appellant’s injuries, superseding the husband’s negligence in storing the gas. This proximate cause issue is only a question of law where reasonable persons could not differ. Prosser, Laws of Torts § 45 at 289-90 (4th ed. 1971). The very nature of the doctrine of comparative negligence in Florida dictates that the issue of liability will rarely be taken from the jury for the trial judge’s determination. Nunziato v. P & L Auto Parts, Inc., 403 So.2d 1031 (Fla. 3d DCA 1981).
In order to sever the causal link between the husband’s negligent gas handling and appellant’s injuries, the negligence of the intervening actor must be unforeseeable. This determination is dependent upon whether the harm which actually occurred was within the scope of the risk created by the husband’s conduct. Nunziato, 403 So.2d at 1032. Clearly, storage of gasoline within a vehicle creates a risk of burns to the occupants which may be foreseeably actualized by any number of probable occurrences, including sparks, engine heat or collision. Collision is quite plainly not an unforeseeable event in the operation of a motor vehicle, however head-on collision has been viewed as unforeseeable. See e.g., Nunziato. In the instant case, the storage of the gasoline inside of the truck could have produced injuries regardless of the manner of collision and it is doubtful that appellant would have suffered injuries of the nature and severity inflicted upon her absent the presence of the gasoline even in the event of a head-on collision. Under the circumstances presented here, there would appear little reason to find that the resultant injuries were not within the scope of the risk engendered by the husband’s conduct merely because the collision occurred head-on. At the very minimum, whether the fact that the collision occurred in a head-on manner had any effect on the risk created by the husband’s conduct remains a viable issue. This issue of causation is not so clear that reasonable minds could not differ as to its resolution and entry of summary judgment thereto is erroneous.
In summary, we affirm the entry of summary judgment as to counts II and III of *1339 the amended complaint, based on collateral estoppel as to employers’ liability under respondeat superior, and reverse as to counts I and IV, based on absence of collateral estoppel as to dangerous instrumentality doctrine and remaining viability of causation issues.
BOOTH and WENTWORTH, JJ., concur.