468 So.2d 358 (1985)
George DEMOYA, Caribex International Co., Inc., a Florida Corporation, and Lumbermens Mutual Casualty Company, a Foreign Corporation, Appellants,
v.
Sandra LORENZO, As Personal Representative of Kenneth Lorenzo, Deceased, Appellee.
No. 83-3035.
District Court of Appeal of Florida, Third District.
April 16, 1985.
Rehearing Denied May 17, 1985.
*359 Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Richard A. Sherman, Miami, for appellants.
Horton, Perse & Ginsberg and Edward Perse, Miami, Stephen H. Nelson, Coral Gables, for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
DeMoya appeals an adverse final judgment entered in a wrongful death action brought by Lorenzo's estate. The action arose out of an automobile accident in which Lorenzo was killed when his car was struck by an automobile driven by DeMoya. Lorenzo's passenger, Lena Nunziato, was also killed. DeMoya admitted that a few hours before the accident he had ingested quaaludes and had been drinking. An autopsy performed on Lorenzo revealed a blood-alcohol level of 0.20 to 0.25, twice the amount necessary to demonstrate legal intoxication. The court granted Lorenzo's estate a summary judgment as to liability and conducted a trial solely as to damages. Holding that the trial court erred in entering a summary judgment, we reverse and remand for a trial to determine liability and damages.
In a previous action brought by Nunziato's estate against the owner of the car driven by Lorenzo, this court affirmed a summary judgment in favor of the owner, P & L Auto Parts, Inc. Nunziato v. P & L Auto Parts, Inc., 403 So.2d 1031 (Fla. 3d DCA 1981). The court stated:
Even if we assume that Lorenzo was negligent in that he was driving with a high blood-alcohol level and speeding  although there is no conclusive evidence as to speed  he may not be held liable for this negligence if the damage was caused by an active and efficient intervening cause. See, e.g., Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla. 1980) and cases collected therein.
There is no evidence that Lorenzo set in motion a chain of events resulting in death to Lena, see, e.g., Gibson, supra, or that the cause of the accident and the sole proximate cause of Lena's death was other than the intervening conduct of DeMoya.
Nunziato at 1032.
Applying our prior ruling to the record before it, the trial court in this case granted a summary judgment against DeMoya and in favor of Lorenzo's estate. The court found that there was no comparative negligence on the part of Lorenzo and that DeMoya was the sole and proximate cause of the accident.
We find no basis for depriving DeMoya of a trial on the relevant issues and of the opportunity to demonstrate that Lorenzo was comparatively negligent. Although the issue of proximate causation was previously litigated in Nunziato, collateral estoppel does not apply to prohibit the relitigation of the issue in this action. Collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843, 845 (Fla. 1984); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Fuller v. General Motors Corp., 394 So.2d 491 (Fla. 3d DCA 1981); Coplan Pipe & Supply Co. v. Central Bank & Trust Co., 362 So.2d 447 (Fla. 3d DCA 1978). Because neither DeMoya nor his privies were parties in Nunziato, *360 they are not barred by collateral estoppel from maintaining the present action. See Romano at 845.
The trial court entered summary judgment against DeMoya in the belief that our ruling in Nunziato collaterally estopped DeMoya, a stranger to the earlier action, from attempting to prove that Lorenzo's conduct was a contributing cause of the accident. The record reflects the existence of a genuine issue of material fact on the question of Lorenzo's comparative negligence for driving with a high blood alcohol level. Because this issue exists and DeMoya has not yet had his opportunity to develop the evidence, reversal is required. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983); Proprietors Insurance Co. v. Siegel, 410 So.2d 993 (Fla. 3d DCA 1982). However, if, after DeMoya has had this opportunity, there is no meaningful difference in the evidence developed by DeMoya and that found in the record in Nunziato, then judgment against DeMoya on liability would be properly entered by the trial court on the basis that our holding in Nunziato is binding as a matter of stare decisis where the facts are the same.
Reversed and remanded.