Leyda HERNANDEZ, Plaintiff,

v.

The HERTZ CORPORATION, a
Delaware Corporation,
Defendant.

The HERTZ CORPORATION, a
Delaware Corporation,
Third–Party Plaintiff,

v.

Alejandro HERNANDEZ,
Third–Party Defendant.

No. 87–2299–Civ–Scott.

United States District Court,
S.D. Florida,
Miami Division.

March 7, 1988.

Calvin F. David, Miami, Fla., for plaintiff.

Steven A. Edelstein, N. Miami, Fla., for defendant.

Steven E. Goldman, Coral Gables, Fla., for third-party defendant.

## MEMORANDUM OPINION

SCOTT, District Judge.

This cause is before the Court on Hertz Corporation's Motion to Limit Judgment and Motion for Judgment on the Pleadings. The facts are not in dispute. Plaintiff was a passenger in a car driven by her Husband, Alejandro Hernandez ("the insured"). The car had been leased from Hertz, and was being operated with its consent and permission. On July 28, 1985, through the insured's conceded negligence, the car was involved in an accident resulting in bodily injury to Plaintiff who seeks liability coverage from Defendant.

The issues raised are novel and complex. While admitting responsibility for the first $10,000 in coverage pursuant to the financial responsibility and coverage laws of Florida, Florida Statutes §§ 324.021(7), 324.151(1)(a), 627.7263, Hertz argues that the interplay between the insurance coverage statutes and Florida's doctrine of common law interspousal immunity preclude Plaintiff from recovering any sums beyond the $10,000.[1] Therefore the Court should limit judgment in that amount.

### Apples and Oranges

While we are tempted to untangle the legal conundrum presented by Defendant, careful examination of the pleadings shows that Hertz is confusing apples and oranges. Defendant's arguments all deal with priori-

---

1. Defendant admits that had Alejandro Hernandez negligently injured any person other than the Plaintiff, his wife, then the various layers of coverage would be available to pay for the damages sustained. Although this result initially appears inequitable, the determination of this conflict in law and policy remains for another day.

ties of coverage under multiple insurance policies.[2] A determination of coverage at this stage would be premature. As Plaintiff argues, a resolution of Hertz's liability as owner of the vehicle must precede any coverage dispute. Theories of insurance coverage are misapplied to questions of liability.

Plaintiff cites to *Southern Cotton Oil Co. v. Anderson*, 80 Fla. 441, 86 So. 629 (1920) for the proposition that an owner/lessor of an automobile is vicariously liable for its negligent operation by the lessee. This premise is grounded in the dangerous instrumentality doctrine which holds an owner of the automobile responsible for the negligence of one who operates the vehicle with the owner's knowledge and consent. These theories and their underlying policies are very much alive in Florida.[3] Moreover, such principles have been held specifically applicable to rental car companies. In *Susco Car Rental System of Florida v. Leonard*, 112 So.2d 832 (Fla.1959), the Supreme Court of Florida held that where a dangerous instrumentality is entrusted by a rental car company, as an owner they will be liable for the negligent operation of the vehicle even where the servant (driver) acted wilfully, wantonly or in disobedience of the master's (owner/lessor) orders. Addressing the confusion surrounding the conflicting bases for imposition of liability, the court stated

> Some of the apparent inconsistencies in the cases result from efforts to reason within the confines of inapplicable principles, such as those of respondeat superior. Confusion can be reduced by recognition that liability under this doctrine is

imposed independent of other theories of vicarious responsibility in tort law. *Id.* at 836.

■ Therefore, in an action brought by an injured party for damages suffered in an automobile accident, the owner and the operator of the vehicle are jointly and severally liable despite confusion surrounding the nature of the relationship between the parties i.e. agent-principal v. master-servant; vicarious liability v. respondeat superior. *Fincher Motor Sales, Inc. v. Lakin*, 156 So.2d 672 (Fla. 3d DCA 1963). Defendant is correct, however, in asserting that the *Fincher* court found the owner's liability to be purely vicarious, that is, that the owner's liability is solely passive and not based on any active wrongdoing. *See Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490 (Fla.1979); *Stuart v. Hertz Corp.*, 351 So.2d 703 (Fla.1977). As a result, the court further determined that the owner could seek indemnity from the driver upon payment to the injured party.

### Who Shall Pay?

■ Mrs. Hernandez's cause of action is against Hertz as the owner of the automobile, and Hertz as a joint tortfeasor. The Court can find no impediment, either statutory or based on immunity to her seeking a determination of liability against the owner/lessor of the vehicle operated by her husband. *May v. Palm Beach Chemical Company*, 77 So.2d 468 (Fla.1955). Any claims between Hertz and Mr. Hernandez are derivative and must be determined separately.[4] Application of coverage and prioritization of policies prior to a determination of liability is analogous to putting the

---

2. The issues are futher complicated by Hertz's self insured status. The various layers of coverage in dispute can be listed as follows. This order in no way reflects a determination of priority.
   1. $10,000 payable by Hertz as owner under the financial responsibility laws of Florida;
   2. $100,000 through Hertz as insurer of Alejandro Hernandez, the actively negligent tortfeasor;
   3. $15,000 from Prudential Property and Casualty Company. Prudential tendered this amount to Plaintiff in exchange for a total release from further liability and any duty to defend the insured. The Court shall deter-

mine whether the monies shall be awarded to Plaintiff or to Hertz as Third–Party Plaintiff.

3. In fact, the only deviation from broad owner liability is under a recent narrow exception carved for independent contractors. *Michalek v. Shumate*, 511 So.2d 377 (Fla. 2d DCA 1987).

4. Defendant's coverage arguments are very innovative and persuasive. While we are deferring on the analysis of these issues pending trial on liability, the Defendant may renew its motions on insurance prioritization and immunity at the appropriate juncture.

horse before the carriage. Accordingly, Hertz's Motions are hereby DENIED and trial on liability will proceed as scheduled.