STONE, Judge.
We reverse a summary final judgment entered in favor of the defendant in a negligence action. The defendant, Indian River Electric, Inc. is the owner of a van and the employer of the driver, Alan Hoffler. The appellant is the guardian ad litem for the injured passenger, Carol Hoffler, the wife of the driver. The employer had entrusted the van to Alan for his personal use.
Alan Hoffler stated, in deposition testimony, that on the night of the accident he and his wife left a bar where they had been drinking heavily. Alan testified that after leaving the bar his driving ability was somewhat impaired and that Carol was intoxicated. Alan was driving home from the bar and on two occasions when he *519 brought the van to a stop, Carol exited the vehicle. On both occasions Alan returned Carol to the van, physically placed her in the passenger seat, and then drove off.
Upon driving a short distance he heard the passenger door swing shut and noticed that Carol was gone. Carol sustained serious injuries as a result of the fall and was not able to testify. Alan could not recall whether he had closed the passenger door securely the second time. He made no effort to see that the intoxicated passenger was secure before proceeding, either by using the seat belt or by locking the door. The door had the type of lock that, when engaged, did not automatically “pop” upon an attempt to open the door from the inside.
Indian River Electric contended that the summary judgment should be affirmed as: (1) the action was barred by the doctrine of interspousal immunity; (2) Carol was not entitled to rely upon the dangerous instrumentality doctrine; and (3) there was no evidence of Alan’s negligence or causation.
The appellant asserted that there was •sufficient evidence from which to draw an inference of negligence, and to withstand a motion for summary judgment. The appellant argued that the defendant was liable for the driver’s negligence, both as the owner of a dangerous instrumentality and on a theory of negligent entrustment. On the latter claim there was evidence of the employer’s familiarity with the driver’s past driving record and drinking habits.
The doctrine of interspousal immunity would have been a defense to a negligence claim by the plaintiff against Alan Hoffler. E.g. Snowten v. United States Fidelity and Guaranty Company, 475 So.2d 1211 (Fla.1985). However, in this case the owner of the van, not the driver, was the defendant. Under similar circumstances our supreme court'has held that the owner, when sued by an injured spouse, may not raise interspousal immunity as a defense notwithstanding that it would have been available as a defense to the negligent spouse. May v. Palm Beach County Chemical Co., 77 So.2d 468 (Fla.1955). In May, an employer loaned a vehicle to an employee for personal use. The employee-driver negligently caused injury to his passenger-spouse. The wife sued the employer and the trial court dismissed the case on the defense of interspousal immunity. The supreme court reversed, concluding that interspousal immunity is not a defense to a persona] injury claim against the nons-pouse owner of the vehicle. The owner’s liability in May was, as here, founded on the dangerous instrumentality doctrine.
The appellee argues that we may disregard May because the reasoning in May involved the principle of respondeat superi- or. The supreme court, subsequent to May, has made it clear that the dangerous instrumentality doctrine stands alone, independent of other theories of liability. See Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959). The appellee contended that this determination in Susco placed into doubt the reasoning in May, and its continued applicability, where the defendant’s liability was purely vicarious. We reject this argument.
The May decision, despite its discussion of principles of respondeat superior, was essentially founded upon the applicability of the dangerous instrumentality doctrine. May remains the controlling authority. See also Ray del Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965); Young v. Hertz Corporation, 496 So.2d 175 (Fla. 3d DCA 1986); Hernandez v. Hertz Corporation, 680 F.Supp. 378 (S.D.Fla.1988). We remain obliged to apply May despite any apparent inequity, or incongruity, in permitting an action against an otherwise innocent owner that would be barred against the driver of the vehicle or the driver’s insurer. See Snowten v. United States Fidelity and Guaranty Company.
The supreme court has also determined that an owner, otherwise liable under the dangerous instrumentality doctrine, is not liable to an injured spouse where the employer’s vehicle was loaned jointly to the negligent employee and the injured spouse. Raydel Ltd. v. Medcalfe. The court reasoned that since the co-bailee-driver could not have sued the owner for the driver’s own negligent act, the insured spouse who *520 was also a designated bailee could not do so. However, the court in Raydel also recognized and distinguished May, stating:
This case is unlike the case of May v. Palm Beach Chemical Co., 77 So.2d 468, 472 (Fla.1955), where an automobile was entrusted only to a husband and was negligently operated by him resulting in injuries to his wife, a passenger in the car. There was no joint bailment in that case.
Id. at 572. If, as contended, Raydel applies because Carol Hoffler was intended as a co-bailee, the bailment issue would, in any event, be an issue of fact for the jury. Here, it is error to conclude as a matter of law that the passenger was not within the class of persons protected by the dangerous instrumentality doctrine. See Cutcher v. Walker, 455 So.2d 1335 (Fla. 1st DCA 1984), rev. denied, 462 So.2d 1108 (Fla.1985). See also Almon v. Enterprise Leasing Company, 537 So.2d 1046 (Fla. 1st DCA 1989).
The judgment must be reversed on the issues of negligence and negligent entrustment. As to each claim there are genuine issues of fact precluding summary judgment. See, e.g., Moore v. Morris, 475 So.2d 666 (Fla.1985); Bess v. 17545 Collins Avenue Inc., 98 So.2d 490 (Fla.1957); Bradford v. Bernstein, 510 So.2d 1204 (Fla. 2d DCA 1987); Brooks v. Plant, 296 So.2d 71 (Fla. 2d DCA 1974). See also, Gorday v. Faris, 523 So.2d 1215 (Fla. 1st DCA), rev. denied, 534 So.2d 399 (Fla. 1st DCA 1988); Jude v. Jude, 199 Minn. 217, 271 N.W. 475 (1937).
Therefore, the judgment is reversed and remanded for further proceedings.
ANSTEAD J., concurs.
LETTS, J., dissents without opinion.