PER CURIAM.
This negligence case is before us on appeal of the trial court’s order granting defendant’s/appellee’s motion for summary judgment and summary final judgment for appellee Thrifty Rent-A-Car System, Inc. We reverse and remand.
Taking as true the allegations of appellants’ complaint, on March 3, 1988, appellant Terry Smith was a passenger in an automobile operated by Ross E. Millican and leased from appellee Thrifty. Due to the negligence of Millican, the leased automobile collided with another vehicle in Oka-loosa County, Florida, resulting in injuries to Terry Smith. Mr. Smith incurred loss of wages and requires extensive medical care and treatment. Because of Mr. Smith’s extensive injuries, Mrs. Smith suffered loss of consortium.
Thrifty’s motion for summary judgment asserted that, as a matter of law, the owner of equipment leased to or on behalf of the United States Government is entitled to immunity from suit, as is the U.S. Government under the Federal Employees Compensation Act, in the absence of defective condition of the equipment. Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla.1966).
The circuit court’s order of summary judgment relied on the following uncontro-verted findings of facts: At the time of the accident, Smith and Millican were employees of the United States Government acting within the course and scope of their employment. Mr. Smith applied for and received benefits due him as an employee of the U.S. Government under the Federal Employees Compensation Act. Millican’s orders authorized him to rent a car through use of a credit card obtained for his use by the U.S. Government. Millican presented his orders and credit card to Thrifty in order to execute the rental contract. The automobile was rented at a special rate available pursuant to a contract between Thrifty and the U.S. Government whereby such special rates were made available for government employees traveling on government business. The rental contract specifies that the “Master Source” of the rental was the U.S. Government. Millican declined the physical damage waiver as he knew the government wished to be its own insurer. The U.S. Government paid Thrifty for the damage to its automobile. Milli-can’s credit card was issued to him to facilitate his travel on government business, and he was instructed that the card was not to be used except for reimbursable expenses connected with such travel.
*691 In granting Thrifty’s motion for summary judgment, the trial court found that Millican was acting as an agent of the U.S. Government in the rental and use of the Thrifty vehicle and that the U.S. Government, rather than Millican, was the actual lessee of the vehicle. The court then concluded that Thrifty was entitled to the same immunity from suit enjoyed by the federal government under the Federal Employees Compensation Act and, therefore, cannot be sued by Mr. Smith, under Florida’s dangerous instrumentality doctrine, for injuries suffered in the accident.[1]
Although we are inclined to agree that the Thrifty vehicle was actually rented to the U.S. Government pursuant to a contract between Thrifty and the U.S. Government, we cannot do so after resolving all reasonable doubts and inferences in favor of appellants. In reaching our position, we place particular emphasis on the fact that Thrifty’s defense to appellants’ claim is based upon its contract with the U.S. Government. Yet, the contract forming the linchpin of Thrifty’s defense was not introduced into evidence. Given this lack of crucial evidence, neither we nor the trial court are in a position to conclude that appellants are not entitled to recovery as a matter of law.
On remand, appellee Thrifty would be entitled to summary judgment if it is able to demonstrate by contract, or otherwise, that the U.S. Government was the lessee of its rental vehicle. Smith v. Ryder; see also Jackson v. Marine Terminals, Inc., 422 So.2d 882 (Fla. 3d DCA 1982). On the other hand, if Millican was the lessee of the Thrifty vehicle, the immunity from suit enjoyed by Millican as Mr. Smith’s coemploy-ee would not inure to the benefit of lessor Thrifty under the decisions of the Florida Supreme Court in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959), and May v. Palm Beach Chemical Co., 77 So.2d 468 (Fla.1955). In such a case, the ease must be remanded for trial on the issue of negligence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER, MINER and WEBSTER, JJ„ concur.

. As Mrs. Smith’s claim for loss of consortium is a derivative action, her claim would be similarly precluded. Gold v. Cheker Oil Co., 438 So.2d 1009 (Fla. 4th DCA 1983).