19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin Dione KING; Julie King, husband and wife, Plaintiffs-Appellants,
v.
EDMONTON TRAPPERS BASEBALL CLUB; Tom Kochman et al., Defendants,
and
Golden West Baseball Company; Alan MacFarland; Jane Doe
MacFarland, et al., Defendants-Appellees.
 No. 92-36610.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1993.
Decided Feb. 28, 1994.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin and Julie King appeal the district court's summary judgment in favor of Golden West Baseball Co. (Golden West). The district court held that the Kings' action seeking damages for an injury that Kevin King suffered as a Triple-A baseball player for the Edmonton Trappers was precluded by the Florida Workers' Compensation Act's exclusive remedy provision. We AFFIRM.
 
 
 3
 Both parties, in their briefs and at oral argument, urge the application of Florida law in this dispute. The issue presented is whether the Kings' action is barred by the Florida Workers' Compensation statute (the Act). Because the facts are undisputed and known to the parties we do not recite them here.
 
 
 4
 The Act constitutes an employee's exclusive remedy against his employer for losses resulting from injuries suffered within the course of employment. Fla.Stat.Ann. Sec. 440.11. Thus, if King's employment is within the scope of the Act, this action is barred.
 
 
 5
 The Act's definition of "employment" excludes services provided by professional athletes. Id. Sec. 440.02(15)(b)(3)(c)(3). However, this exclusion is not applicable in all instances. Section 440.04(2) of the Act provides:
 
 
 6
 When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of "employee" or whose services are not included in the definition of "employment" or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of the same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person, notwithstanding the provision of s. 440.05 with respect to notice.
 
 
 7
 Golden West obtained an insurance policy securing the equivalent of Workers' Compensation benefits for its employees and thereby brought itself within the scope of the Act.[1] Golden West therefore is shielded from further liability by the Act's exclusive remedy provision. Accordingly, no genuine issue of material fact exists and Golden West is entitled to judgment as a matter of law.[2]
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The Kings' numerous arguments to the contrary all are spurious; in each instance the Kings either cite no authority, rely upon in apposite cases or fail to acknowledge the plain language of the statute. In light of the straightforward resolution of the critical issue, we see no reason to address the Kings' arguments in detail
 
 
 [2]
 Julie King's action, being derivative of her husband's, also is barred. Gold v. Cheker Oil Co., 438 So.2d 1009, 1010 (Fla.Dist.Ct.App.1983); Fla.Stat.Ann. Sec. 440.11